# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

AVA MAUREEN SAWYER,   Case No. 07-13021-RGM
                     (Chapter 13)
    Debtor.

## MEMORANDUM OPINION

THIS CASE is before the court on the debtor's motion for continuation of the automatic stay pursuant to Bankruptcy Code §362(c)(3)(C). This case was filed on October 17, 2007. The debtor filed a previous case on February 1, 2007, which was dismissed on June 13, 2007.[1]

The automatic stay under Bankruptcy Code §362(a) terminates with respect to this debtor on November 16, 2007 unless it is extended. Bankruptcy Code §362(c)(3)(A). This provision is applicable because the debtor filed a prior case which was dismissed within one preceding the filing of the present case. Bankruptcy Code §362(c)(3)(B) permits the debtor or another party in interest to request that the automatic stay be continued, but the movant must demonstrate that the filing in this case is "in good faith as to the creditors to be stayed." Bankruptcy Code §362(c)(3)(B). The movant's burden is the usual preponderance of the evidence. Section 362(c)(3)(C) alters this burden in certain circumstances by creating a presumption *if* one of three conditions exist. The first two are not pertinent to this case and the presumption does not arise under them. The only one that may be applicable is §362(c)(3)(C)(i)(III) which creates a presumption if:

---

[1] The hearing on the debtor's motion was completed within the 30-day period required by Bankruptcy Code §362(c)(3)(B). The court announced its oral ruling at the conclusion of the hearing. This Memorandum Opinion merely reduces the court's oral ruling to writing.

1

> there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will not be concluded . . . if a case under chapter 11 or 13, with a confirmed plan that will be fully performed.

The debtor testified extensively as to prior proceedings with respect to a judgment entered against her in favor of Dean C. Worcester in state court in 1994 and her argument that the judgment is void. The issue before the court is not whether that judgment is valid or void, but whether this case was filed in good faith. In determining the debtor's good faith, the applicability of the statutory presumption in §362(c)(3)(C)(i)(III) must also be addressed. The debtor testified that she recently obtained new employment and receives rental income from her townhouse. She testified that her total income will be more than $70,000.00 a year and that this will be sufficient to enable her to pay her monthly bills and $3,200.00 a month to the chapter 13 trustee. The testimony was unrebutted.

The presumption under §362(c)(3)(C)(i)(III) does not arise because the factual predicate of the presumption – that there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the last case – has not been established. The burden of establishing the predicate facts is on the party seeking the benefit of the presumption. Here, Mr. Worcester was required to show by the preponderance of the evidence that there was no substantial change in the debtor's financial affairs. In fact, the contrary was shown. The debtor testified as to the change in her financial affairs. That change, new employment, is substantial. It will enable her to fund a chapter 13 plan that pays her creditors in full, and Mr. Worcester in full with interest.

A presumption only arises if the factual basis for the presumption is established. *See In re MicroStrategy Inc. Sec. Litig.*, 110 F.Supp.2d 427, 439-40 (E.D.Va. 2000) (finding the most adequate plaintiff presumption of 15 U.S.C. §78u-4(a)(3)(B)(iii)(I) not to arise because the proposed

lead plaintiff had not satisfied the statutory factual predicates for the presumption); *see generally* 1 *Weinstein's Federal Evidence* §301.02[1] at 301-7 (Joseph M. McLaughlin, ed., 2d ed. 1997) (instructing that a presumption arises only when the basic facts underlying the presumption are established).  The factual predicate not having been established in this instance, the presumption does not arise.

The presumption is one of the absence of good faith.  It arises from the absence of a substantial change in the debtor's financial circumstances.  If it is shown that there was no substantial change in a debtor's financial affairs since the prior filing, the presumption arises that the present case was not filed in good faith.  While other factors may affect the ultimate determination of the presence or absence of good faith, *cf. In re Chaney*, 362 B.R. 690 (Bankr.E.D.Va. 2007) (finding that a chapter 13 petition to be filed not in good faith despite a significant improvement in the debtor's financial circumstances since the last chapter 13 filing), where the presumption is established, the burden is on the debtor to show by clear and convincing evidence that the present case was filed in good faith.  There is no requirement of clear and convincing evidence in the absence of the presumption.  Where the factual predicate is not present, there is no presumption under §362(c)(3)(C).  Where there is no presumption, the debtor's burden of demonstrating that the case was filed in good faith is by a preponderance of the evidence.

In this case, good faith was shown by the proposed chapter 13 plan which proposes 60 monthly payments to the chapter 13 trustee of $3,200.00 each and by the debtor's apparent ability to fully perform the proposed plan. While the court's mandated plan form was not fully completed, in light of the anticipated claims and the equity in the townhouse, the plan can be fairly read to provide that Mr. Worcester will be paid his allowed claim in full together with interest.  A quick

calculation based on the evidence presented at the trial shows that over five years, the debtor must pay Mr. Worcester about $162,000.00. The claim is presently about $132,000.00. The balance is interest that is likely to accrue over the term of the plan. The plan as proposed is funded with $192,000.00. It is not possible at this point to determine with mathematical precision whether this is enough to pay all creditor in full. That computation must await the bar date so that the amount necessary to pay all creditors in full can be determined from the actual claims filed. At this time, the $192,000.00 to be paid to the trustee appears to be sufficient. This is not to say that this amount is the correct amount, only that it appears to be satisfactory and there is no sufficient evidence, at this point, to the contrary. Nor is this to say that the plan will be confirmed in its present form, only that the essential term is sufficient to show that there is a feasible plan that can be confirmed, perhaps with some modifications as to form and amount. Nor is it a determination that the plan is feasible, only that it appears that it can be fully performed.

Moreover, this plan, unlike the plan submitted in the debtor's last case, does not depend on avoiding Mr. Worcester's judgment. This is not to say that the debtor can again collaterally attack the judgment or will do so. While her desire to collaterally attack the judgment is a factor in determining whether the case was filed in good faith – a case filed solely for the purpose of unjustifiably again collaterally attacking a judgment may be filed in bad faith notwithstanding the ability to fully fund a chapter 13 plan – it is only one factor. In this instance, the court places more weight on the terms and feasibility of the proposed plan. The proposed plan provides for the full payment of the judgment together with interest and the full payment of all other creditors. The debtor has no other means to pay the judgment except by a forced sale of her townhouse. A forced sale places other creditors in jeopardy in the present market and carries adverse tax consequences.

Although belated (and while not renouncing her desire to challenge the judgment), the debtor's willingness to pay the judgment and her actions in making arrangements to do so reflect the good faith required to file and maintain this chapter 13 case. The court is satisfied from all of the evidence that the debtor has shown by the preponderance of the evidence that this case was filed in good faith. The debtor is finally willing to pay the judgment in full with interest and has made the arrangements necessary to do so. Her desire to again collaterally attack Mr Worcester's judgment, while a factor in the determination, does not in and of itself show the absence of good faith and thereby disqualify the debtor from using chapter 13 to effect payment of the judgment. The debtor has been cautioned that a pleading contesting the validity of Mr. Worcester's judgment found to be filed in violation of Rule 9011 of the Federal Rules of Bankruptcy Procedures can be expected to result in significant sanctions.

The question remaining is the balance to be drawn between the debtor's effort to pay Mr. Worcester's judgment through chapter 13 and his right, outside bankruptcy, to proceed to a judicial sale of the townhouse. The critical point is whether the debtor actually has the wherewithal to make the required payments and whether her expressed desire to bring this matter to a conclusion will wane. The only testimony, which was unrebutted, is the debtor's testimony as to her present employment, present rental income, and her future plans. This evidence shows an ability to make the payments and also a substantial change in her financial affairs since her last filing. However, the debtor's employment is of recent origin and there is a lengthy history of the litigation between Mr. Worcester and the debtor. The only real test of whether the debtor has the wherewithal and the will to make the payments is the making of the payments. The court will condition the continuation of the automatic stay on the debtor making the payments as proposed in the plan. This requirement is

to assure that the plan payments proceed as proposed. The automatic stay will terminate if the debtor fails to make a timely payment to the trustee. The first payment is due on November 17, 2007 in the amount of $3,200.00. Whenever a payment, such as this one, falls on a weekend or a holiday, the deadline is extended to the next business day. This condition will remain until six months after the plan has been confirmed. If the debtor has made all payments and the case has not been dismissed for the period ending six months after the confirmation of the plan, the condition will be modified so that the debtor will receive notice of a default and an opportunity to cure. If the debtor fails to make a timely payment during the period ending six months after the confirmation of the chapter 13 plan, the chapter 13 trustee, the Estate of Preston Conner, Sr., or Mr. Worcester may, file a certification of non-payment with the court and submit a proposed order terminating the automatic stay without prior notice to the debtor, although the movant must serve notice on the debtor at the same time that the certification is filed with the court. The court may enter an order terminating the automatic stay at any time after the certification is filed. Six months after the plan has been confirmed, the debtor will be entitled to a ten-day cure period after notice of default. If the default is not cured within the ten-day period, the movant may file a certificate of default without further notice to the debtor, and the court will entertain entering an order terminating the automatic stay. The debtor may respond to such a notice of default within the 10-day period by making the payment or setting the matter for a hearing and showing good cause why the automatic stay ought not be terminated.

     Mr. O'Donnell will prepare an appropriate order.

     Alexandria, Virginia
     November 20, 2007

                                                /s/ Robert G. Mayer
                                                Robert G. Mayer
                                                United States Bankruptcy Judge

Copies mailed to:

Ava Maureen Sawyer
11023 Barton Hill Court
Reston, Virginia 20191

Dean S. Worcester
41698 Stumptown Road
Leesburg, Virginia 20176

James O. Hounshell, Jr., Executor
Estate of Preston Conner, Sr.
2423 Brucetown Road
Clear Brook, Virginia 22624

Copy electronically to:

Gerald M. O'Donnell

13815