# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

In re:

AVA MAUREEN SAWYER,

Debtor.

Case No. 07-13021-RGM
(Chapter 13)

## MEMORANDUM OPINION

THIS CASE is before the court on the debtor's objection to the proof of claim filed by Dean S. Worcester (Docket Entry 37) and on Worcester's Plea of Res Judicata and Collateral Estoppel (Docket Entry 52). The matter was fully briefed and came on for a trial on Worcester's plea on February 20 and March 5, 2008. The court permitted the parties to file post-trial briefs.

## Background

In the early 1990s, Dean Worcester and the debtor jointly represented Preston Conner in litigation concerning several real estate transactions. They entered into an attorney fee agreement relating to this representation that provided for a flat fee in part and a contingent fee in part. Conner ultimately settled the underlying land dispute, and the debtor received the proceeds of the settlement as Conner's attorney. A fee dispute arose between the debtor, Worcester, and Conner, and in 1993, Conner sued the debtor and Worcester in Frederick County Circuit Court seeking rescission of the fee agreement, a determination of reasonable fees, and turnover of excess proceeds held by the debtor. The debtor and Worcester each made an appearance in the case by counsel. After a two-day trial, Judge Bumgardner issued an order dated August 26, 1994, in which he rescinded the fee agreement and determined the reasonable fee to be $134,000, apportioned evenly between the debtor

and Worcester. Finding that Conner had already paid each attorney $5,000, the circuit court entered judgment against the debtor and in Worcester's favor for the remaining $62,000 to be paid out of the proceeds held by the debtor. The proceeds remaining after payment of the attorney's fees were ordered to be returned to Conner. The debtor filed a notice of appeal of Judge Bumgardner's order but the appeal was dismissed by the Virginia Supreme Court for failure to file a timely petition for review.[1]

Worcester then commenced efforts to enforce the judgment against the debtor. Among other things, Worcester propounded debtor interrogatories in Frederick County Circuit Court. The debtor responded by filing a motion to quash and motion to vacate the earlier judgment order, which raised a number of challenges to the enforceability of the August 26, 1994 order. The debtor contended that Judge Bumgardner's order was void *ab initio* because the circuit court (1) lacked jurisdiction because there was no adversity or justiciable controversy between the debtor and Worcester; (2) lacked jurisdiction because Worcester failed to set forth a basis for relief; (3) lacked sufficient evidence to rule in Worcester's favor; (4) violated her due process rights; and (5) denied her right to a jury trial. After a response from Worcester and a hearing before Judge Sinclair,[2] the circuit

---

[1] The historical background concerning the debtor's efforts to void Judge Bumgardner's opinion is lengthy. The court will address in detail only the facts and events particularly relevant to resolution of Worcester's defense of res judicata. For clarity of the record, however, the court will provide a synopsis of the remaining facts and events in the footnotes.

After the Virginia Supreme Court dismissed her appeal, the debtor petitioned for a writ of prohibition from the Virginia Supreme Court seeking to prevent enforcement of Judge Bumgardner's order. The asserted basis for the writ was that the circuit court lacked jurisdiction grant relief to Worcester against the debtor: no pleading had been filed by Worcester seeking relief against the debtor; the relief granted was not encompassed within any prayer for relief by Worcester; and the trial court failed to afford the debtor the protections of a fair trial. The Virginia Supreme Court denied the petition for writ of prohibition, the debtor's petition for rehearing, and the debtor's application for rehearing on denial of the petition for rehearing.

[2] Judge Bumgardner was appointed to the Court of Appeals of Virginia, and Judge Sinclair was assigned to hear the case in Frederick County Circuit Court.

court denied the motion to quash and to vacate. The court ruled from the bench that Judge Bumgardner had jurisdiction to enter the August 26, 1994 order and rejected the remainder of the debtor's arguments attacking the order. *See* 3/15/00 Tr. 34:15-35:10 (Worcester's Ex. 18); *id.* at 37:5-8 ("I have ruled and am ruling that the Final Decree [of August 26, 1994] is final, right or wrong, it's a Final Decree, and this ends it."). Judge Sinclair entered an order on April 25, 2000, memorializing his ruling from the bench.[3]

The debtor filed this chapter 13 case on November 17, 2007.[4] Worcester filed a proof of claim asserting a claim of $138,309.10 secured by a judgment lien against the debtor's real property arising from the August 26, 1994 judgment. The debtor objected to the claim on the ground that Worcester's judgment was void. The debtor also objected to the claim because it miscalculates the amount of judgment interest. In response to the claim objection, Worcester asserted that the debtor's objection is barred by the doctrines of res judicata and collateral estoppel because any of the preceding collateral attacks precludes the debtor's objection to his claim. The debtor's defense to Worcester's plea is that even if these claims had been raised previously, she has never been afforded a full and fair hearing on her claims, so that res judicata and collateral estoppel do not apply. In particular, the debtor admits that she raised her jurisdictional and due process claims in prosecuting

---

[3] The Virginia Supreme Court denied the debtor's petition for review and a petition for rehearing. The United States Supreme Court denied the debtor's petition for writ of certiorari and petition for rehearing.

[4] This is the debtor's third bankruptcy case in this district. The debtor first filed Case No. 04-39378 in the Richmond Division. Judge Tice dismissed the case as filed in bad faith for the sole purpose of collaterally attacking the Worcester judgment. The district court and the Fourth Circuit affirmed the bankruptcy court's dismissal of the case. The debtor filed a second bankruptcy case, Case No. 07-10252, which Judge Mitchell dismissed on essentially the same grounds as Judge Tice. Judge Tice made some observations in his memorandum opinion regarding the debtor's attempted collateral attack of the Worcester judgment, but these were not necessary to the decision to dismiss the case and this court does not rely on them in this ruling.

3

the motion to quash and to vacate, but contends that no valid judgment was entered because the court could not have validly decided those matters without holding an evidentiary hearing.

At trial held on February 20, 2008, the court heard oral testimony and admitted numerous exhibits into evidence. The court memorialized its ruling from the bench regarding the exhibits admitted into evidence by order entered on February 21, 2008 (Docket Entry 84). The trial was continued to March 5, 2008, for closing arguments. On May 7, 2008, the court ruled on numerous of the debtor's post-trial motions to supplement the evidentiary record and to accept post-trial briefs out of time (Docket Entry 105). Subsequently, the court entered an order striking a supplemental post-trial brief filed by the debtor out of time (Docket Entry 107), and denied the debtor's request to reconsider the order striking the out-of-time brief (Docket Entry 114). The pre-trial motions and briefs, the evidence admitted at trial, and the post-trial briefs (to the extent not stricken) constitute the record in this case.

## **Discussion**

Simply put, the plea of res judicata poses one simple question: Has the debtor previously had an opportunity to make the claims she asserts in this forum and obtain an adjudication? In support of his claim of res judicata, Worcester relies on a litany of proceedings that occurred after Judge Bumgardner issued his judgment order on August 26, 1994 and which are identified in the footnotes. Worcester need not show numerous proceedings that raise the bar of res judicata, just one. The court reviewed the record and concludes that Worcester's plea is fully resolved by the debtor's motion to quash and motion to vacate.[5]

---

[5] It is not clear from the record whether the debtor's petition for a writ of prohibition precludes this objection to Worcester's claim. Prohibition may be a proper vehicle for the debtor's jurisdictional attack on Judge Bumgardner's August 26, 1994 order. *See King v. Hening*, 203 Va. 582, 585, 125 S.E.2d 827, 829 (1962) ("Prohibition is an

The threshold question is what law of preclusion applies. The Constitution's Full Faith and Credit Clause applies only to the states and not the federal courts. *Meindl v. Genesys Pacific Tech., Inc. (In re Genesys Data Tech., Inc.)*, 204 F.3d 124, 127 (4th Cir. 2000). Federal courts are instead bound by a federal statute, 28 U.S.C. §1738, which requires them to give full faith and credit to the judicial proceedings of the states. In particular, federal courts are to give the same full faith and credit to state court judgments "as they have by law or usage in the courts of such State . . . from which they are taken." 28 U.S.C. §1738. Thus, to determine what preclusive effect should be given to Judge Sinclair's order, this court must determine what preclusive effect that order would have under Virginia law. *See Genesys Data Tech.*, 204 F.3d at 128. If Virginia law would give preclusive effect to Judge Sinclair's order, then a federal court must likewise apply preclusion under the federal statute. "Only if federal law provides an exception to § 1738 can a federal court refuse to give a state court judgment the same preclusive effect given it under the law of that state." *Jaffe v. Accredited Surety and Casualty Co.*, 294 F.3d 584, 590-91 (4th Cir. 2002).

The Virginia law of res judicata requires the party asserting preclusion to prove four elements by a preponderance of the evidence: "identity of the remedy sought; identity of the cause of action; identity of the parties; and identity of the quality of the persons for or against whom the claim is made." *Davis v. Marshall Homes, Inc.*, 265 Va. 159, 164, 576 S.E.2d 504, 506 (2003). Three of the four elements are clearly established in the case at bar: the identity of the remedy

---

extraordinary remedy issued by a superior court to prevent an inferior court from exercising jurisdiction over matters not within its cognizance where damage or injustice is likely to follow from such action."). However, a decision on a petition for a writ of prohibition rests in the sound discretion of the court petitioned *(see id.*; *In re Johnston*, 3 Va. App. 492, 497-98, 350 S.E.2d 681, 684 (1986)), which may disqualify it for res judicata and collateral estoppel purposes. *See Va. Dep't of Corr. v. Crowley*, 227 Va. 254, 263, 316 S.E.2d 439, 443 (1984). The court need not resolve that question because this opinion does not depend on the petition for writ of prohibition. Instead, the court concludes that Judge Sinclair's order—standing alone—satisfies all the requirements for res judicata.

5

sought (the debtor's attempt to void Worcester's judgment); the identity of the parties (the debtor and Worcester), and the quality of the persons for or against whom the claim is made (the parties stand in the same position in this proceeding as they did before Judge Sinclair). The remaining issue for the court to decide is whether there is an identity in the causes of action asserted before Judge Sinclair and in this case.

Under Virginia law, the heading of res judicata "encompasses four preclusive effects, each conceptually distinct, which a final personal judgment may have upon subsequent litigation. These are merger, direct estoppel, bar, and collateral estoppel." *Bates v. Devers*, 214 Va. 667, 670, 202 S.E.2d 917, 920 (1974) (citing *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 326 n.6 (1955)). In common usage, res judicata typically refers to the bar effect of res judicata wherein "[a] valid personal judgment on the merits in favor of defendant bars relitigation of the same cause of action, or any part thereof which could have been litigated, between the same parties and their privies." *Id.* at 670-71, 202 S.E.d 2d at 920-21. Thus, the res judicata-bar prevents a party from not only relitigating claims which have previously been litigated, but also from litigating claims that, if tried separately, would constitute claim-splitting. *Id.* at 670 n.4, 202 S.E.2d at 920 n.4; *see also Simmons v. Commonwealth*, 252 Va. 118, 120, 475 S.E.2d 806, 807 (1996) ("Under *res judicata*, the first judgment bars the parties and their privies not only from relitigating the issues actually determined but also from litigating those that might have been determined."). *Bates* instructs that for purposes of res judicata, a cause of action "may be broadly characterized as an assertion of particular legal rights which have arisen out of a definable factual transaction." *Bates*, 214 Va. at 672 n.8, 202 S.E.2d at 921 n.8.

The relevant "definable factual transaction" here is the Frederick County Circuit Court's decision to enter a judgment in favor of Worcester.  If the debtor has previously asserted claims challenging the propriety of the Worcester judgment—whether they relate to the merits of the claim, the jurisdiction of the lower court, any due process concerns, or claims of any other nature—she has asserted a singular cause of action.  Res judicata would bar the debtor from relitigating these claims or asserting new claims that are a part of that cause of action.  She may not argue the same claims made before Judge Sinclair even if he did not address them or decided them incorrectly.

Of particular relevance here, the Supreme Court of Virginia has applied res judicata to jurisdictional claims.  That is, if a party has previously litigated the question of jurisdiction, he is barred from relitigating the issue of jurisdiction in a subsequent proceeding.  *See, e.g.*, *Kessler v. Fauquier Nat'l Bank*, 195 Va. 1095, 1105-06, 81 S.E.2d 440, 445 (1954) (Virginia court's determination that Florida court had jurisdiction to enter divorce decree is res judicata on the jurisdictional question in a second case in Virginia); *Stuart's Ex'r v. Peyton*, 97 Va. 796, 34 S.E. 696, 697 (1899) ("The question of jurisdiction lay necessarily in limine, and that question, as well as all other matters of controversy, became, by the finality of the decree, res adjudicata."); *see also Norfolk & W. Ry. Co. v. Duke & Rudacille*, 107 Va. 764, 60 S.E. 96 (1908) (holding that when the Virginia Supreme Court remands case for new trial, the lower court's jurisdiction is established by the law of the case doctrine).

The debtor's objection to Worcester's claim is entirely barred by res judicata resulting from Judge Sinclair's ruling on the debtor's motion to quash and vacate.  In her motion to quash and vacate, the debtor raised the following claims in order to defeat the circuit court's earlier money judgment: (1) the circuit court lacked jurisdiction to enter a money judgment in Worcester's favor

against debtor because no pleadings to this effect were filed; (2) there was no justiciable controversy between Worcester and the debtor; (3) Worcester did not request the relief granted; (4) no evidence was offered in support of a judgment in Worcester's favor; (5) the debtor was not afforded the fundamental fairness mandated by due process of law; and (6) the court transgress the debtor's right to jury trial. All these claims arise out of the allegedly faulty money judgment entered by the Frederick County Circuit Court, which, under *Bates*, constitutes a single cause of action. Having unsuccessfully raised the issue of jurisdiction, she is entirely precluded from raising any issue of jurisdiction again. Having unsuccessfully raised federal due process claims, she is precluded from raising any federal due process claim again.

In her objection to claim, the debtor raises two basic claims: (1) lack of personal and subject matter jurisdiction and failure of due process by the Frederick County Circuit Court's decision to enter a money judgment in Worcester's favor; and (2) Worcester's miscalculation of interest in determining the amount of his claim. With respect to the jurisdictional and due process arguments, these all were or could have been litigated when the debtor moved to quash and vacate in Frederick County Circuit Court. Thus, they are all barred by res judicata under Virginia law as a result of Judge Sinclair's decree.[6]

This court must give statutory full faith and credit to Judge Sinclair's decree unless an exception to 28 U.S.C. §1738 applies. *See Genesys Data Tech.*, 204 F.3d at 128. The court can locate no statutory or case law exception to §1738 that would apply to these facts, and the debtor has not suggested otherwise. Therefore, the court is bound by §1738, and must overrule the debtor's

---

[6] In her briefs and at trial, the debtor occasionally stated that Judge Bumgardner's judgment order was void *ab initio*. Whether the judgment was void, voidable or void *ab initio* is not the issue. The issue is res judicata. By finding that Judge Sinclair's order is res judicata, the court is ruling that the debtor already prosecuted (or could have prosecuted) her claim that the judgment was void *ab initio* before Judge Sinclair.

objection to Worcester's claim except to the extent it relates to an alleged miscalculation of interest on the judgment, which does not come within the res judicata effect of Judge Sinclair's decree.[7]

The debtor also asserts that the proceeding before Judge Sinclair was fatally flawed. She argues that if the proceeding before Judge Sinclair was fatally flawed then there can be no res judicata preclusion arising from his order. Clearly Judge Sinclair had personal jurisdiction over the debtor. Even if she were not properly before the court, she submitted herself to the court's jurisdiction by filing her motion to quash and to vacate. This, though, is not the thrust of the debtor's complaint. She asserts that the manner in which the hearing was held was improper; that it deprived her of her federal due process rights.

Under Virginia law, however, once the court is determined to have jurisdiction, errors in the manner in which the proceedings are conducted must be raised on appeal. If they are not raised on appeal, the order is final and not subject to collateral attack. *Hicks ex rel. Hicks v. Mellis*, 275 Va. 213, 219, 657 S.E.2d 142,145 (2008) ("A court has jurisdiction to err, as well as to correctly decide the issues presented in a case, and the remedy to correct an error by a trial court is to appeal the court's decision upon entry of a final order, not to collaterally attack the erroneous decision in a separate action."). Such errors do not render the order void or voidable on collateral attack. Here, the debtor appealed Judge Sinclair's adverse rulings to the Virginia Supreme Court which denied

---

[7] In her briefs, the debtor asserts that even if res judicata and/or collateral estoppel would otherwise apply, the court should decline to preclude her challenge to the Worcester claim. The debtor claims that the decision to apply the preclusion doctrines rests in the court's discretion and that the claims objection process is somehow different because of the bankruptcy court's equitable powers. Both arguments must fail. The Fourth Circuit has ruled that where the federal court is endeavoring under 28 U.S.C. §1738, "[o]nly if federal law provides an exception to § 1738 can a federal court refuse to give a state court judgment the same preclusive effect given it under the law of that state." *Jaffe*, 294 F.3d at 591. Therefore, the court has no discretion in applying res judicata when state law so dictates. Even if it had discretion in this matter, however, the court would not exercise it because the debtor has pointed to no persuasive facts that would support not applying preclusion in this case. Additionally, as to the debtor's second argument, the Fourth Circuit found no exception to §1738 due to the nature of the bankruptcy claims objection process or any other reason why bankruptcy varies the application of the federal statute. *See Genesys Data Tech.*, 204 F.3d at 128.

9

her petition for appeal on the merits. *See Sheets v. Castle*, 263 Va. 407, 411, 559 S.E.2d 616, 619 (2002). The Virginia Supreme Court's review of Judge Sinclair's order is res judicata and will be given full faith and credit by this court. Raising issues about how Judge Sinclair proceeded is now precluded by res judicata.

## Conclusion

The court will sustain Worcester's plea of res judicata and overrule the debtor's objection to Worcester's claim to the extent it challenges the validity of the Worcester judgment.[8]

Alexandria, Virginia
June 16, 2008

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copies mailed to:

Ava Maureen Sawyer
11023 Barton Hill Court
Reston, Virginia 20191

Deborah Campbell Welsh
120 Edwards Ferry Road, NE
Leesburg, Virginia 20176

14337

---

[8] The remaining component of the debtor's objection to claim not resolved by res judicata is the debtor's objection to the calculation of post-judgment interest in Worcester's proof of claim.