# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

In re:

AVA MAUREEN SAWYER,

Debtor.

Case No. 07-13021-RGM
(Chapter 13)

## MEMORANDUM OPINION

THIS CASE was again before the court on July 30, 2008, on the debtor's objection to the claim of Dean S. Worcester. The court previously overruled the debtor's objection to the extent it sought to attack the state court judgment on which Worcester's claim is predicated but did not rule on the amount of the claim to which the debtor also objected.

Worcester's claim is based on two court orders. The first is the Final Decree entered in Frederick County Circuit Court on August 26, 1994, awarding Worcester a judgment of $62,000.00 against the debtor. The second is the Decree entered in Fairfax County Circuit Court on April 2, 2003, awarding Worcester fees of $2,111.10 incurred in enforcing the $62,000.00 judgment. Worcester's proof of claim includes the principal amount of both judgments together with post-judgment interest on both judgments through October 17, 2007, the date of the filing of the petition in this case, for a total claim $138,309.10.

The debtor raises two objections: first, that Worcester is not entitled to post-judgment interest because neither court order expressly awarded post-judgment interest or established the rate at which post-judgment interest accrues; and, second, that Worcester applied the wrong interest rates. The statutory judgment rate of interest has changed since the judgment was entered. She contends that interest should vary in accordance with the changes in the judgment rate and is not fixed at the rate

in effect on the date the judgment is entered.

> Section 8.01-382 of the Code of Virginia (1950) states:
>
> If a final order, judgment or decree be rendered which does not provide for interest, the final order, judgment or decree awarded or jury verdict shall bear interest at the judgment rate of interest as provided for in §6.1-330.54 from its date of entry or from the date that the jury verdict was rendered.

Va.Code (1950) §8.01-382. This was applied in *Ragsdale v. Ragsdale*, 30 Va. App. 283, 293, 516 S.E.2d 698, 704 (1999) where the Virginia Court of Appeals stated:

> By statute, a judgment or decree that does not provide for interest 'shall bear interest from its date of entry' at the rate established by Code §6.1-330.54.

Virginia law is clear that the failure of the two orders to award post-judgment interest does not deprive Worcester of the right to post-judgment interest. The judgments bear interest at the statutory judgment rate.

The debtor also takes issue with Worcester's calculation of post-judgment interest. She concedes that the applicable post-judgment interest rate is 9% except for the three-year period from July 1, 2004, to June 30, 2007, when the statutory rate of post-judgment interest was 6%. The 2005 amendments to §6.1-330.54 clarify the rule that "[t]he rate of interest for a judgment shall be the judgment rate of interest in effect at the time of entry of the judgment and shall not be affected by any subsequent changes to the rate of interest stated in this section." Va. Code §6.1-330.54. The debtor's objection is not well taken.

The August 26, 1994 judgment of $62,000 accrues interest at the rate of 9% per annum, that is, $5,580 per annum or $15.29 per diem. From August 26, 1994, through October 17, 2007 (a period of thirteen years and fifty-two days), the judgment accrued $73,334.96 in post-judgment interest. The April 2, 2003 judgment of $2,111.10, accrues interest at the rate of 9% per annum, that

is, $189.999 per annum or $0.5205 per diem. From the date of this judgment through the petition date (a period of four years and 198 days), the judgment accrued $863.06 in post-judgment interest. Worcester's claim as of October 17, 2007, was in the principal amount of $64,111.10 plus interest in the amount $74,198.02 for a total of $138,309.12. Worcester's proof of claim asserted a claim of $138,309.10, the difference arising from rounding.

The court will overrule the debtor's objection to Worcester's claim and will allow Worcester's claim in the amount of $138,309.10 as of October 17, 2007, as a claim secured by the debtor's real property situate in Fairfax County, Virginia.

Alexandria, Virginia
July 30, 2008

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Gerald M. O'Donnell

Copy mailed to:

Ava Maureen Sawyer
11023 Barton Hill Court
Reston, Virginia 20191

Deborah Campbell Welsh
Deborah C. Welsh, PLC
120 Edwards Ferry Road, NE
Leesburg, Virginia 20176

14459