## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

AVA MAUREEN SAWYER,                    Case No.   07-13021-RGM
                                       (Chapter 13)

       Debtor.

### MEMORANDUM OPINION

THIS CASE was before the court on September 10, 2008 for a hearing on the debtor's

motion to reconsider, alter, and amend the July 31, 2008 order of the court overruling the debtor's

objections to the claim of the estate of Preston Conner and allowing the estate of Preston Conner a

secured claim in the amount of $25,719.31.  (Docket Entry 157).  The debtor argued that a 1994

judgment in the Circuit Court of Frederick County, Virginia giving rise to the claim of the estate of

Preston Conner was *void ab initio*, that this court should disallow the claim based on the authority

of *Pepper v. Litton*, 308 U.S. 295 (1939), and that this court erred in including post-petition interest

on pre-petition interest in the allowed claim.  The court denied the debtor's motions.  This

memorandum opinion supplements the court's oral ruling with respect to post-judgment interest.

The debtor filed a voluntary petition in bankruptcy under chapter 13 on October 17, 2007.

The claim in issue arises from the joint representation by the debtor and Dean Worcester of Preston

Conner in the early 1990s in litigation concerning several real estate transactions.  The dispute was

ultimately resolved and the debtor received proceeds as Conner's attorney.  A fee dispute arose

between the parties and in 1993 Conner sued in Frederick County Circuit Court seeking rescission

of the attorney fee agreement, a determination of reasonable attorneys' fees, and turnover of the

excess proceeds.  After a trial, the circuit court entered a decree in which it rescinded the fee

agreement and determined the reasonable fee to be $134,000, apportioned evenly between the debtor

and Worcester.  (Docket Entry 52, Ex. 6).  Conner had already paid $5,000 to the debtor and $5,000

to Worcester, so the circuit court ordered the debtor to pay over to Worcester his half share of the

attorneys' fees, $62,000, out of the fund held by the debtor.  The circuit court also determined that

the balance held by the debtor on that date and due and owing Conner was $117,085.94.  The decree

set the interest rate on the balance due Conner at eight percent, accruing from and after July 29,

1992, until paid.[1]

By order entered on July 31, 2008, this court allowed the claim of the Conner estate in the

amount of $25,719.31 as of October 17, 2007.  (Docket Entry 140).  The debtor asserts that this

court erred by including post-judgment interest on pre-judgment interest contrary to Virginia law.

The debtor relied on *Upper Occoquan Sewage Authority v. Blake Construction Co.*, 275 Va. 41, 655

S.E.2d 10 (2008).  *Upper Occoquan* concerned a contract dispute between a joint venture of two

construction companies and the Upper Occoquan Sewage Authority ("UOSA").  The joint venture

alleged numerous breaches of contract by UOSA which were tried in two separate jury trials.  Both

juries awarded compensatory damages as well as pre-judgment interest.  On appeal, UOSA

contended, among other things, that the circuit court erred in awarding post-judgment interest on the

pre-judgment interest awarded in both trials.  UOSA relied on Va.Code (1950) §8.01-382 to support

its contention that post-judgment interest may only be awarded on the "principal sum awarded,"

which does not include pre-judgment interest.  The Supreme Court of Virginia agreed, holding that

the circuit court erred in awarding post-judgment interest on that portion of the damages awarded

---

[1]The historical background concerning the debtor's efforts to void the circuit court's decree is lengthy.  The court will address only those parts of the record relevant to the resolution of the debtor's claim that this court erred in awarding post-judgment interest on the claim of the estate of Preston Conner.  For a synopsis of the remaining facts and events, see *In re Sawyer*, No. 07-13021-RGM, 2008 WL 2465122, at *n.1 (Bankr.E.D.Va.2008).

in the two trials that constituted pre-judgment interest.  *Upper Occoquan*, 655 S.E.2d at 25.

Another issue was also raised in *Upper Occoquan*.  After the final decree of the circuit court,

UOSA wired payment to the joint venture's counsel without any instruction as to how the payment

was to be applied.  Two days later, UOSA sent a letter to the joint venture showing its calculations

of the judgment amount.  UOSA claimed that this letter sufficed as instructions on how to allocate

the payment.  The circuit court determined this letter was "essentially contemporaneous" with the

payment, and this constituted a valid allocation.  The Supreme Court of Virginia disagreed, holding

that no instruction as to the allocation of payment was given, and therefore the default rule that

payment of debts in order of age, starting with the oldest, applied.  *Id.* at 27.

In this case, the circuit court by a decree entered on August 26, 1994, awarded Conner

$117,085.94 plus pre-judgment interest at the rate of eight percent per annum from July 29, 1992,

less net attorneys' fees of $124,000.00.  The pre-judgment interest from July 29, 1992 through

August 26, 1994 was $19,452.30.  The total award to Conner as of August 26, 1994 was

$136,538.24.  This amount was setoff by the net award of attorneys' fees to the debtor and

Worcester in the amount of $124,000, leaving the balance of $12,538.24 due Conner.  The issue

before this court is whether the $12,538.24 balance due to Conner is part of the "principal amount

awarded" or pre-judgment interest.

Nothing in the record shows that either the debtor or Conner directed "either at the time of

[the setoff], or afterwards, before the commencement of any controversy on the subject" to setoff

attorneys fees first to the $117,085.94 principal component of the award or first to the $19,452.30

interest component of the award.  *See Upper Occoquan*, 655 F.2d at 26. *Upper Occoquan* does not

address a situation, as here, where there is only one debt and no direction as to allocation was given.

Other cases do and the law is well settled in Virginia.  When no direction is given by the debtor or creditor, payments are first applied to interest and then to principal.  *See Mardel Sec., Inc. v. Alexandria Gazette Corp.*, 320 F.2d 890, 897–98 (4th Cir. 1963); *Marks v. Reconstr. Fin. Corp.,* 129 F.2d 759, 761 (4th Cir. 1942); *Howard v. McCall*, 62 Va. (21 Gratt.) 205 (1871).  Applying this rule, the $124,000.00 setoff of attorneys fees was applied first to accrued pre-judgment interest of $19,452.30, then to the principal of $117,085.94, leaving a balance of $12,538.24 of *principal* due to Conner as of August 26, 1994.

The order of this court of July 31, 2008 determined the post-judgment interest of the Conner claim as of the date of the debtor's filing of the bankruptcy petition, October 17, 2007, at $13,181.07.  This represented interest accrued since the circuit court's order of August 26, 1994 at eight percent on the remaining *principal* due Conner on August 26, 1994, to the date the debtor filed this bankruptcy case, October 17, 2007.  The total amount of Conner's secured claim as of the date of the filing of the petition in this case is $25,719.31.

The debtor's motion to reconsider the allowance of the claim on the Conner estate in this amount is denied.

Alexandria, Virginia
October 6, 2008

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to

Thomas P. Gorman

Copy mailed to:

Ava Maureen Sawyer
11023 Barton Hill Court
Reston, VA 20191

Deborah Campbell Welsh
120 Edwards Ferry Road, NE
Leesburg, VA 20176
14582